### LANHAM *v.* HENRY *et al.*

FISH, C. J. The granting clause of an instrument, made and executed as a warranty deed, was as follows: The grantor, for and in consideration of a stated sum of money, the receipt of which is acknowledged, "hath granted, bargained, sold, and conveyed, and doth by these presents grant, bargain, sell, and convey unto the said [grantee], his heirs and assigns, all the metallic ore and mineral interest of every description and all ore

and mineral of every kind and quality that [is] on, in, or upon or may be found in or upon a certain" described lot or parcel of land, "with the exclusive right and privilege of entering upon the said premises at any time hereafter to dig and mine for ore and mineral of every description, including stone, wheresoever the same may be found, or wheresoever the said [grantee] may deem proper to excavate for the same, and to take out and remove, ship, sell, have, and dispose of all minerals and metallic ore of every description found in or upon the aforesaid described premises, with the right of ingress and egress to and from the mine in every direction, the water privilege for washing ore, and the right of erecting small houses for the accommodation of hands employed in working the mine, and also the right of removing the said buildings or houses, and to have the right and privilege of purchasing the said premises at any time within twenty-five years from the date hereof for the sum of six hundred dollars payable in cash on delivery of deed to same." The habendum clause was as follows: "To have and to hold the aforesaid metallic ore and mineral interest with all the rights and privileges herein granted as aforesaid, unto him, the said [grantee], his heirs and assigns, together and singular the rights, members, and appurtenances thereof to the same belonging to his and their use, benefit, and behoof forever in fee simple." *Held*, that this instrument did not constitute a lease of the mineral interests in the land for the period of twenty-five years, nor a mere option or right to purchase such interest, within that period, for the sum of six hundred dollars, payable in cash; but it conveyed to the grantee the absolute title to all the minerals described in the land, together with the right to purchase all the remaining interest therein, at any time within twenty-five years from the date of the instrument, for such a cash consideration. Accordingly, the trial judge did not err in overruling the general demurrer to the petition; which is the only point referred to in the brief of counsel for plaintiff in error.

*Judgment affirmed. All the Justices concur.*

NOVEMBER 19, 1910.

Equitable petition. Before Judge Fite. Bartow superior court. November 6, 1909.

*Mundy & Mundy* and *John T. Norris,* for plaintiff in error.
*Paul F. Akin* and *Neel & Peeples,* contra.